IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHERITA EVERETTS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-870-L-BK** |
| | § | |
| **ALLEN POLICE DEPARTMENT,**[1] | § | |
| | § | |
| Defendant. | § | |

## ORDER

On March 27, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court dismiss without prejudice this action for improper venue, rather than transferring it to a court where venue is proper, because the interests of justice do no support the transfer of this case to the appropriate district given "the relative infancy of th[e] case," and Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 8(a).  Doc. 5 at 2. No objections to the Report were filed, and the time for doing so has expired.

Having considered the pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  The court agrees that the interests of justice do not support the transfer of this case to the appropriate district.[2]  Accordingly, rather than transferring the action, the court **dismisses without prejudice** the action for improper venue.

---

[1] On the first page of the pro se Complaint form filed by Plaintiff Sherita Everetts, only the Allen Police Department is listed as a Defendant. On the second page the Complaint, however, she identifies the Allen Police Department as Defendant No. 1 and Judge Cynthia Porter Gore as Defendant No. 2.

[2] The court notes that the Allen Police Department is not an entity that can sue or be sued because "it lacks legal existence and the capacity to be sued." *See Linicomn v. Harris Cnty. Sheriff's Office*, 2026 WL 936129, at *2 (5th Cir.

**Order – Page 1**

**It is so ordered** this 30th day of April, 2026.

Sam A. Lindsay
United States District Judge

---

Apr. 7, 2026) (quoting *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) ("The Houston Police Department is a department within the City of Houston, not an individual, corporation, partnership or unincorporated association. Accordingly, it lacks legal existence and the capacity to be sued."); and (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (for the conclusion that, "[A]s an agency or subdivision of the city, the police department could not be sued separately[.]")). The court also notes that Judge Gore likely has judicial immunity from suit. This is so because judges have absolute judicial immunity with respect to claims for money damages based on judicial acts performed in judicial proceedings, unless the challenged actions were taken in the complete absence of all jurisdiction. *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009). Additionally, allegations of bad faith or malice are insufficient to overcome judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The court determines that Judge Gore is *likely* immune from suit because, although her status as a judicial officer is apparent, the factual and legal basis of any claim by Plaintiff against Judge Gore is unclear.

**Order – Page 2**